UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60602-CIV-COHN

FEDERAL TRADE COMMISSION,

Magistrate Judge Snow

    Plaintiff,

vs.

CEO GROUP, INC., d/b/a Check Em Out
and SCOTT JOSEPH,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Affirmative Defenses [DE 37]. The Court has carefully considered the motion and response thereto, and is otherwise fully advised in the premises. The motion became ripe with the passage of the deadline to file a reply January 8, 2007.

### I. BACKGROUND

On May 1, 2006, Plaintiff Federal Trade Commission ("FTC") filed this action against Scott Joseph, individually, and against CEO Group, Inc. Defendant Joseph is alleged to be the sole founder, owner, director and officer of the CEO Group. Complaint, ¶ 6. The Complaint alleges violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), in connection with Defendants surreptitiously obtaining and selling confidential customer phone records without the customer's knowledge or authorization. After some initial motions, Defendants filed their Answer on November 8, 2006 [DE 32]. The Answer included a list of seven defenses at ¶¶ 7-13 of the Answer. Plaintiff has now moved to strike those defenses.

## II. DISCUSSION

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "upon motion made by a party ... the court may order stricken from any pleading any insufficient defense." Though disfavored in federal practice, a motion to strike may be granted with regard to a defense, or parts of a defense, that can have no possible bearing upon the subject matter of the litigation. Craig Funeral Home, Inc. v. State Farm Mutual Automobile Ins. Co., 254 F.2d 569, 572 (5th Cir. 1958).[1]

Plaintiff FTC asserts that all of Defendants' affirmative defenses should be stricken. These defenses are: 1) mootness as to the request for injunctive relief; 2) lack of willful or knowing violations of the FTC Act or any unlawful act; 3) denial that Defendant CEO engaged in "pretexting" or unfair and deceptive practices, and that it relied upon vendors' representations that information lawfully obtained; 4) actions were not illegal; 5) Defendant Joseph just acting as corporate officer of Defendant CEO; 6) no profits were made that could be disgorged; and 7) advertising protected as commercial speech under First Amendment.

In opposition to Plaintiff's motion to strike, Defendants agree that Defenses Three, Four, and Five are "subsumed within their denial of the FTC's claims." Therefore, these three defenses shall be stricken from the Answer. As to Defense Seven, Defendants withdraw the defense based upon the FTC's admission in its motion

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

that the FTC does not challenge Defendants' advertising, and whether or not such advertising is protected speech is irrelevant to the issue of liability or remedies.  See Plaintiff's Motion at § I.G.

Turning next to Defense Two, lack of scienter in any violations, and Defense Six, absence of profits, Plaintiff argues that "the courts have long established that the FTC does not need to prove that a defendant's activities were done with an intent to defraud or deceive, or were made in bad faith."  Plaintiff's Motion at § I.B, p. 4 (cases cited therein).  Plaintiff is correct regarding that law.  Defendants assert, however, that whether disgorgement of profits is appropriate depends in part upon Defendants' state of mind, and whether such profits exist.

The Court concludes that these defenses are immaterial as to Defendants' liability, however, they may be relevant to appropriate remedies.  While there are alternative measures to determine disgorgement and/or penalties under the FTC Act, Defendants should be entitled to at least raise these defenses at the remedies stage of this case.  The motion to strike will thus be granted in part and denied in part as to Defenses Two and Six.

Finally, as to Defense One, Plaintiff argues that in order for Defendants to establish the defense of mootness of the claims in the Complaint, Defendants will have to show that they cannot resume such activities, not that they will not resume such activities.  In response, Defendants point out that Congress recently passed a law specifically prohibiting and criminalizing the alleged conduct in this case.

The Court concludes that the motion to strike the defense of mootness should be

denied. Although a mootness defense to the FTC's claims is difficult to prove, as correctly argued by the FTC under the caselaw cited by it, the defense is not impossible to prove in this case, and therefore not immaterial under Rule 12(f).

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike Affirmative Defenses [DE 37] is hereby **GRANTED in part** and **DENIED in part**;

2. Defenses Three, Four, Five and Seven are hereby **STRICKEN** from Defendant's Answer;

3. Defenses Two and Six shall not be considered as to liability, though they are preserved as to remedies.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of February, 2007.

JAMES I. COHN
United States District Judge

copies to:

counsel of record